UNITED STATES FIDELITY & GUARANTY CO. *v.* COMMERCIAL BANK OF CLARKSDALE *et al.*

(Division A. Jan. 27, 1930.)

[125 So. 839. No. 28367.]

**Butler & Snow,** of Jackson, and **J. A. Covington, Jr.,** of Meridian, for appellant.

Flowers, Brown & Hester, of Jackson, for appellees.

Argued orally by **Geo. Butler**, for appellant.

**Smith, C. J.**, delivered the opinion of the court.

The Commercial Bank of Clarksdale qualified as a depository for Coahoma county public funds, with the United States Fidelity & Guaranty Company as one of the sureties on its bond. Thereafter the bank failed and was taken over by the banking department, its affairs now being in the process of liquidation. The county had on deposit with it something over thirty-six thousand dollars, which was paid by the bank's bondsmen, the pro rata of the United States Fidelity & Guaranty Company being something over ten thousand dollars. The county assigned to each of these bondsmen his pro rata of the amount due the county by the bank. The appellant filed its claim in the liquidation proceeding for its pro rata of the money due by the bank to the county, and it was paid a dividend due thereon out of the general assets of the bank, leaving a balance due it of something over five thousand dollars. Some of the bank's stockholders paid to the liquidating agent an amount of money equal to the par value of their stock under the provision of section 59, chapter 207, Laws of 1916 (Hemingway's 1927 Code, section 3854), and, upon not being allowed to par-

ticipate in this fund, the appellant appealed to the court below, where its request so to do was denied.

The state banking department was created by chapter 124, Laws of 1914. Section 38 thereof provides that "all deposits not otherwise secured shall be guaranteed by this act." Section 59 thereof provides that "stockholders of every bank shall be individually liable, actually and ratably, and not for one another, for the benefit of the depositors in said bank to the amount of their stock at the par value thereof, in addition to the said stock." These sections now appear as section 36, chapter 172, Laws of 1922 (Hemingway's 1927 Code, section 3831), and section 59, chapter 207, Laws of 1916 (Hemingway's Code, section 3854). The source from which the money to pay the deposits guaranteed under the first of these sections is set forth in other sections of the statute, in none of which is the money to be paid by stockholders included.

The question presented for decision then is simply this: Does the money to be paid by the stockholders of a bank under section 59, chapter 207, Laws of 1916 (Hemingway's 1927 Code, section 3854), inure to the benefit of all of the depositors of the bank, or only to those whose deposits are guaranteed under section 36, chapter 172, Laws of 1922 (Hemingway's 1927 Code, section 3831)?

The appellees' argument in support of the decree of the court below is that the first of these statutes should be interpreted in the light of the purpose which the legislature was seeking to accomplish, which is to guarantee the payment of unsecured bank deposits. This undoubtedly was one of the purposes the legislature sought to accomplish, but it was not the only one; and whether the requirement for the payment of money by stockholders was in furtherance of that purpose must be determined by the language of the statute, it being plain and unambiguous. That requirement is, "for the benefit of all the depositors in said bank," and the guaranty of "all de-

posits not otherwise secured." The first plainly covers all deposits, and the second "all deposits not otherwise secured."

Reversed and remanded.